IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| M,A, YAH,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FONTENELLE REALITY, INC,<br><br>　　　　　　Defendant. | 8:18CV412<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff M,A, Yah filed his Complaint on August 28, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a resident of Douglas County, Nebraska, brings this action against Defendant Fontenelle Realty, Inc. seeking damages for retaliatory conduct/harassment, defamation, and negligence arising out of Defendant's alleged failure to repair the premises leased by Plaintiff at 5511 N. 30th Street, Omaha, Nebraska. Plaintiff alleges he and Defendant entered into a lease agreement[1] for the premises on September 15, 2015, which expired on December 31, 2015, and became a month-to-month lease. On March 13, 2017, an unknown vehicle slid into the front of the premises, severely damaging the building and forcing Plaintiff to cease his business activities conducted on the premises. Plaintiff alleges Defendant failed to make repairs to the building despite promptly receiving insurance proceeds to do so and despite assuring Plaintiff that the repairs would be made. Instead, Plaintiff alleges Defendant "retaliated and harassed Plaintiff for Plaintiff

---

[1] Plaintiff refers to the "attached lease" but no attachment was filed with the Complaint. (*See* Filing No. 1 at CM/ECF p. 2, ¶ 6.)

complaining about Defendant not making the repairs, and served Plaintiff an eviction notice claiming arrears and late fees due and owing in the amount of $3,389.00 for April, 2017 and prior months." (Filing No. 1 at CM/ECF p. 3, ¶ 27.) As a result of Defendant's actions, Plaintiff alleges he suffered a financial loss due to his inability to conduct his business.

Plaintiff refers to several state court actions[2] and asks the court to take judicial notice of various records in those cases. In particular, Plaintiff alleges that he filed a complaint against Defendant in Douglas County District Court Case No. CI17-3892 which the state court judge dismissed and "awarded $300 in sanctions against Plaintiff for attorney fees." (*Id*. at CM/ECF pp. 3–4, ¶¶ 30–31.) Plaintiff states he appealed to the Nebraska Court of Appeals which dismissed his appeal for failure to file a brief, that his petition for further review was dismissed for lack of jurisdiction, and that "now Plaintiff has filed this Petition in Federal Court, seeking justice and due process of the law." (*Id*. at CM/ECF p. 4, ¶¶ 32–36.) Plaintiff alleges that "Judge Ashford, the judge in case (CI 17-3892) . . . denied Plaintiff due process of the law when he refused to acknowledge" Nebraska law offered by Plaintiff in support of his Motion to Reconsider "stating that no lease or agreement can be drafted that would relinquish Defendant of his duties as landlord and property owner . . . simply because Plaintiff did not have an affidavit attached to his Motion to Reconsider." (*Id*. at CM/ECF p. 6, ¶¶ 50–52.)

Plaintiff's state court records, available to this court online, confirm Plaintiff filed an action against Defendant in Case No. CI17-3982 alleging nearly identical claims of retaliatory conduct/harassment, negligence, and defamation to those alleged in the present case; that the action was dismissed by Judge Ashford; that Judge Ashford awarded $3000 in attorney fees to Defendant as monetary sanctions against Plaintiff for filing a frivolous action and denied Plaintiff's motion for

---

[2] The state cases identified by Plaintiff include four Douglas County Court cases—*Fontenelle Realty, Inc. v. M A Yah*, Case No. CI17-6904, and *Fontenelle Realty, Inc. v. M A Yah*, Consolidated Case Nos. CI17-11877, CI17-11878, and CI17-11879—and one Douglas County District Court Case, *M A Yah v. Fontenelle Realty, Inc.*, Case No. CI17-3892. (Filing No. 1 at CM/ECF pp. 2–3, ¶¶ 7, 27, 30.)

reconsideration; and that Plaintiff prosecuted an unsuccessful appeal to the Nebraska appellate courts. The court takes judicial notice of the state court records related to this case in *M A Yah v. Fontenelle Realty, Inc.*, Case No. CI17-3892, District Court of Douglas County, Nebraska; the Nebraska Court of Appeals appellate case records in A-17-1200; and the records in the other state court actions referenced in the Complaint. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

As relief, Plaintiff asks for over $200,000.00 in damages from Defendant and that "Defendant [be] found guilty of all allegations." (Filing No. 1 at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

(quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

### A. *Rooker-Feldman* Doctrine

In filing this action, Plaintiff plainly seeks relief from and reconsideration of the state court judgment which dismissed his claims for retaliatory conduct/harassment, negligence, and defamation related to Defendant's alleged failure to repair the premises leased by Plaintiff. However, the *Rooker-Feldman* doctrine precludes consideration of Plaintiff's claims for relief related to his state civil case.

The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional

claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

Here, the Douglas County District Court entered orders dismissing Plaintiff's claims related to Defendant's alleged failure to make repairs and alleged retaliatory and defamatory conduct in seeking to evict Plaintiff and denying Plaintiff's motion for reconsideration. Any review of Plaintiff's claims for relief related to his civil case would require the court to review the specific issues addressed in the state court proceedings. The court does not have jurisdiction to review the state court proceedings or grant the relief Plaintiff seeks. Accordingly, the court will dismiss this case for lack of subject matter jurisdiction.

**B. Subject Matter Jurisdiction**

Alternatively, even if the *Rooker-Feldman* doctrine did not preclude consideration of Plaintiff's claims, the allegations of Plaintiff's Complaint fail to sufficiently state a claim for relief that sets forth the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Here, Plaintiff alleges a violation of his Fourteenth Amendment due process rights. A plaintiff may seek to vindicate a violation of his or her constitutional rights in an action pursuant to 42 U.S.C. § 1983. To state a § 1983 cause of action, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Because Plaintiff does not allege that Defendant is a person acting under color of state law, he fails to state a § 1983 claim and, consequently, fails to set forth grounds for the court's jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Here, Plaintiff alleges Defendant "violated his Rights to Due Process of Law, protected by the 14th Amendment" (filing no. 1 at CM/ECF p. 1), but fails to allege that Defendant is a state actor or that Defendant's conduct is attributable to the state. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). Consequently, there is no discernible "federal question" alleged in the Complaint as Plaintiff has failed to state a claim under 42 U.S.C. § 1983.[3]

Moreover, Plaintiff has not alleged that Defendant is a citizen of a different state as required by 28 U.S.C. § 1332. Thus, the allegations of the Complaint also fail to establish diversity of citizenship jurisdiction.

---

[3] While Plaintiff also alleges that Judge Ashford violated his due process rights, Plaintiff has not named Judge Ashford as a defendant in this action nor does Plaintiff seek any specific relief against Judge Ashford. In any case, Plaintiff's due process claim against Judge Ashford is barred by the *Rooker-Feldman* doctrine as explained above. Moreover, the doctrine of judicial immunity would bar Plaintiff's claim as Plaintiff alleges no facts against Judge Ashford that would fall outside the scope of a judge's duties in presiding over a civil suit. *See Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012).

IT IS THEREFORE ORDERED that Plaintiff's Complaint (filing no. 1) is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 3rd day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge